UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. '07 MJ 2915 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF |
| Earl John QUINN | Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- |
| Defendant. | Bringing in Illegal Alien(s) Without Presentation |

The undersigned complainant being duly sworn states:

On or about **December 14, 2007**, within the Southern District of California, defendant **Earl John QUINN**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Pedro TORRES-Onofre**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **17th** DAY OF **December**, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, Customs and Border Protection (CBP) Enforcement Officer Jacob James, declare under penalty of perjury the following to be true and correct:

The complainant states that **Pedro TORRES-Onofre** is a citizen of a country other than the United States; that said alien has admitted that he is deportable; that his testimony is material, that it is impracticable to secure his attendance at the trial by subpoena; and that he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

The complainant further states that on December 14, 2007, at approximately 6:00 PM, defendant Earl John QUINN made application for admission into the United States from Mexico driving a red 1995 Chevrolet Monte Carlo through the San Ysidro Port of Entry.

CBP Officers were conducting pre-primary enforcement operations when defendant was approached as he awaited inspection in vehicle lane 21. Defendant gave two negative Customs declarations, claimed ownership of the vehicle and declared that he was going to Chula Vista, California. A cursory examination of the vehicle was conducted revealing a non-factory compartment beneath the rear seat of the conveyance. Defendant and vehicle were escorted to secondary for a more thorough inspection.

In secondary, one adult male was found secreted in a non-factory gasoline tank beneath the vehicle's rear seat. The compartment measured approximately 44" in length, 22" in width and 10" in depth and an alternate fuel source was found attached to the compartment.

The adult male was removed from the concealment area and escorted to a secondary office. Further investigation revealed the male to be a citizen and native of Mexico who has no entitlements to entry, passage or residency in the United States. He is now identified as material witness Pedro TORRES-Onofre. All parties were referred to the Prosecutions Unit for further processing.

Defendant was advised of his Miranda rights and agreed to submit to questioning without benefit of counsel. A videotaped statement was obtained from the defendant who gave the following declaration: Defendant admitted that the vehicle he was driving contained one human being hidden beneath the rear seat. Defendant agreed to smuggle the undocumented alien across the border for the monetary sum of $600 USD and deliver the vehicle to a McDonald's restaurant located on Palomar Street in Chula Vista, California.

**CONTINUATION OF PROBABLE CAUSE STATEMENT:**
Re: Earl John QUINN

The material witness was also interviewed and videotaped statement obtained with the following declaration: Material witness declared to be a citizen of Mexico who has no legal right to enter the U.S. Material witness' father entered into a financial agreement to have material witness smuggled into the United States for the monetary sum of $2,000 USD payable upon his arrival. Material witness was destined to southern California to establish residency and procure employment.

Executed at 11:40 PM on December 14, 2007.

Jacob James
CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of **2** pages, I find probable cause to believe the defendant named in the Probable Cause Statement committed the offense on **December 14, 2007** in violation of Title **8** United States Code, Section(s) **1324**.

United States Magistrate Judge

12/15/07  1157hrs
Date/Time

2